MILES-WELLS COMPANY, INC., Respondent, *v.* JOHN HUTCHINS, Appellant.

Fourth Department, November 22, 1922.

**Principal and agent — action by real estate broker to recover commissions — plaintiff was agent to sell farm of third person — defendant made written offer to third person at plaintiff's request to exchange property — defendant withdrew offer in good faith before acceptance — defendant not liable.**

The owner of a house and lot is not liable to pay commissions to a real estate broker where it appears that the broker was the agent for the sale or exchange of a farm; that the owner of the house and lot, at the request of the broker, made a written offer to the owner of the farm to exchange the house and lot for the farm and that before the owner of the farm had accepted the offer it was withdrawn.

DAVIS, J., dissents.

APPEAL by the defendant, John Hutchins, from a judgment of the County Court of the county of Monroe, entered in the office of the clerk of said county on the 20th day of January, 1922, reversing a judgment of the City Court of Rochester, Civil Branch, in favor of the defendant.

*William MacFarlane,* for the appellant.

*Nicholas J. Weldgen,* for the respondent.

PER CURIAM:

Plaintiff, a real estate broker, was the agent of one Pink, who had employed plaintiff to sell or exchange his farm. Plaintiff advertised the farm for sale or exchange and defendant answered the advertisement and at plaintiff's solicitation made a written offer to Pink but not to plaintiff to exchange his houses in Rochester for Pink's farm and the latter was given two days to consider the proposition, but before it was accepted, defendant in good faith withdrew the offer as the jury found. Between the time the defendant made the offer and the time of its withdrawal plaintiff had done nothing in regard to the matter except to talk with the owner of the farm over the telephone and tell him of the offer. The offer contained the following provision: " I will pay my part of the brokers' commissions, and if I fail to carry out my part of the contract, will pay Miles-Wells Co. Inc. all commissions due under this agreement."

There was no evidence of a meeting of the minds of the parties brought about by plaintiff at any time, and when the owner of the farm the next day accepted the offer, defendant's houses were not in the market for he had withdrawn his offer the night before and the jury found it was withdrawn in good faith.

The theory on which the action was tried was that plaintiff had performed and was entitled to his pay. He had not performed before defendant's withdrawal of the offer, and as the case stood when plaintiff rested, there was no proof of damages under the so-called second cause of action and the nonsuit thereunder was proper. As to the first cause of action the jury found that the defendant in good faith withdrew the offer before it was accepted and before plaintiff had done anything about it except to talk with the owner of the farm over the telephone.

The trial court refused to submit the question to the jury whether or not plaintiff was entitled to recover damages under the second cause of action.

The evidence offered and the theory adopted by plaintiff on the trial was all to the effect that the plaintiff, if entitled to recover, was entitled to his commissions on the theory that he had fulfilled his contract. The judgment of the County Court should be reversed and that of the City Court affirmed, with costs.

All concur, except DAVIS, J., who dissents and votes for affirmance.

Judgment and order of Monroe County Court reversed and judgment of Rochester City Court affirmed, with costs to the defendant in this court and in the County Court.